**IN THE COURT OF APPEALS OF IOWA**

No. 22-1688
Filed January 11, 2023

**IN THE INTEREST OF K.F.,**
      **Minor Child,**

**C.C., Mother,**
      **Appellant.**
_____

      Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.

      A mother appeals the termination of her parental rights.  **AFFIRMED.**

      Michelle Jungers of Jungers Law PLLC, Waterloo, for appellant mother.

      Brenna Bird, Attorney General, and Ellen Ramsey-Kacena (until

withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

      Rachel Antonuccio of the Waterloo Juvenile Public Defender's Office,

Waterloo, attorney and guardian ad litem for minor child.

      Considered by Vaitheswaran, P.J., and Badding and Buller, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child born in 2008. She contends (1) the State failed to prove the ground for termination cited by the district court and (2) the district court should have afforded her an additional six months to work toward reunification.

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2022), which requires proof of several elements, including proof the child cannot be returned to parental custody. Our de novo review of the record reveals the following facts.

The Iowa Department of Health and Human Services (department) intervened after the mother brought the child to a hospital emergency room for psychiatric evaluation and left before the evaluation was completed. A department child protective worker was able to reach her the next day. The mother expressed concern the child might run away if returned to her temporary residence. The child protective worker placed the child on a "47-hour voluntary [c]hild [w]elfare [e]mergency [s]ervices hold" at a local shelter. On expiration of the hold, the child refused to leave the shelter. The mother lacked stable housing and reiterated her belief that he might flee if returned to her care.

The State applied to have the child temporarily removed from the mother's custody. The mother did not resist the initial application or the child's continued removal. The district court granted the application, and the child remained at the shelter.

Meanwhile, the State petitioned to have the child adjudicated in need of assistance. The mother stipulated to the status and agreed with the department's

proposal to have him placed at a psychiatric medical institute for children. The district court filed an adjudication order consistent with the parties' agreement.

After some delay, the department found a spot for the child at a psychiatric institute. Once the child's placement was secured, the mother returned to her home town in Illinois. Anticipating a short stay at the institute, the child's attorney moved for an expedited home study of the mother's Illinois residence. The district court granted the motion and ordered the department to seek a comprehensive home assessment through an interstate compact. In time, the Illinois employee charged with conducting the home study informed the department she was "unable to recommend" placement of the child "in the care of his mother."

The child was placed in foster care. The district court agreed to "defer permanency" to determine the outcome of a second interstate compact study of a maternal uncle's home in Georgia. At some point, the uncle determined he was not interested in pursuing the placement.

The mother eventually returned to Iowa and found an apartment that the case manager deemed "adequate." She participated in supervised visits with the child, but those visits were curtailed approximately two months before the termination hearing after she became "verbally assaultive" toward the child and foster parent. The mother also attended therapy sessions to address certain mental-health diagnoses but did not take advantage of the full panoply of offered services. Her therapist advised the department case manager that the mother "could benefit from additional individual counseling, medication management, [and] possibly the group setting as well."

In addition, concerns were reported about the mother's state of mind. The case worker reported that the mother felt as if she was being pushed to murder the case worker and the foster parent. It appeared the report was partially an outgrowth of the visit described above. The service provider supervising that visit attempted to deescalate the situation. Ultimately police were called. They were able to speak to the mother and further deescalate tensions. No charges were filed against the mother. On this record, we agree with the district court that the State proved the child could not be returned to parental custody.

The mother sought additional time to facilitate reunification. *See* Iowa Code § 232.104(2)(b). As noted, she received additional time pending completion of the home studies. While she made some progress during that period, her fraught relationship with her child remained largely unaddressed. At the termination hearing, the case manager expressed her belief that an additional period of time would not change the situation. On our de novo review, we agree.

We affirm the district court's termination of the mother's parental rights to the child.

**AFFIRMED.**